UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PAVIA, | Case No. 2:25-cv-01604-CSK |
| Plaintiff, | ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT |
| v. | (ECF Nos. 11, 15) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Robert Pavia seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the final decision of the Commissioner is REVERSED AND REMANDED.

/ / /

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 6, 7, 8.)

1

## I.    SOCIAL SECURITY CASES:  FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

**Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.

**Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.

**Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.

**Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.

**Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.   FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On November 22, 2022, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging disability since August 1, 2020. Administrative Transcript ("AT") 151.[2] Plaintiff alleged schizophrenia, left leg pain and numbness, mid and lower back pain, and Sciatica. AT 54. Plaintiff's application was denied initially and upon reconsideration, and he sought review before an ALJ. AT 54-

---

[2] Plaintiff later amended his alleged onset date to October 25, 2022. AT 199.

61; 71-74; 80-83. A hearing was held on March 19, 2024. AT 35-52.

On April 29, 2024, the ALJ issued a decision finding Plaintiff not disabled. AT 14-30. At step one, the ALJ found Plaintiff engaged in substantial gainful activity from July 2023 to September 2023. AT 19. The ALJ acknowledged that while there was no continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, the remaining analysis applied to the entire period at issue from October 25, 2022 to the present. *Id*. At step two, the ALJ determined Plaintiff had schizophrenia. *Id*. at 20. At step three, the ALJ found Plaintiff's impairment does not meet or medically equal any listing. *Id*. (citing 20 CFR Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (Lumbar spinal stenosis resulting in compromise of the cauda equina) for Plaintiff's physical impairments and 12.03 (Schizophrenia and other psychotic disorders) for Plaintiff's mental impairments, examining the "Paragraph B" and "Paragraph C" criteria for the mental impairments.[3] AT 20-22. The ALJ found Plaintiff moderately limited in understanding, remembering, or applying information; moderately limited in interacting with others; moderately limited in concentrating, persisting, or maintaining pace; and moderately limited in adapting or managing oneself. AT 22-23. In making these findings, the ALJ found "Paragraph B" criteria was not satisfied because Plaintiff's mental impairment had not caused at least two "marked" limitations, or one "extreme" limitation. AT 23. Further, the ALJ found no evidence "to suggest marginal

---

[3] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning:  understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

adjustment with minimal capacity to adapt to changes in environment or to demands that are not already a part of daily life." *Id*.

The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: "he is capable of work involving simple, repetitive tasks, frequent interaction with others, and occasional changes." AT 24. In making this finding, the ALJ considered Plaintiff's symptom testimony, including Plaintiff's 2023 function report (AT 231-242) and Plaintiff's testimony at the 2024 hearing (AT 35-52). The ALJ stated he also considered the medical opinions and prior administrative findings. AT 24.

Evaluating the medical opinions on Plaintiff's physical limitations, the ALJ found the opinion of State agency consultant A. Pan, D.O. to be persuasive. AT 27. Dr. Pan opined that Plaintiff does not have severe medically determinable impairment, finding x-rays and an MRI of Plaintiff's lumbar spine unremarkable. *Id*. (citing AT 54-60). Dr. Pan also found Plaintiff's physical on April 18, 2023 was within normal limits and he performs personal care without difficulty. *Id*. (citing AT 57).

Evaluating the medical opinions on Plaintiff's mental limitations, the ALJ gave no weight to both of the opinions on record. Dr. Preston Davis, Psy.D., opined that Plaintiff's medically determinable impairments of substance addiction disorders (drugs) and schizophrenia spectrum and other psychotic disorders are nonsevere; understand, remember, or apply information is none; interacting with others is none; concentrate, persist, or maintain pace is none; and adapt or manage oneself is mild. *Id*. AT 54-60. The ALJ found this opinion not persuasive because the record supports a finding that Plaintiff's schizophrenia is a medically determinable impairment, citing Plaintiff's symptoms of command hallucinations. *Id*. (citing AT 422).

Dr. Barrie Roer, Psy.D., opined that Plaintiff has a mild impairment in his ability to sustain concentration, attention, consistency, and persistence in work-related activity at a reasonable pace. *Id*. (citing AT 356). To support this finding, Dr. Roer stated that "[w]hen [Plaintiff's] psychiatric symptoms accelerate, he could become easily distracted,

5

particularly due to his [auditory hallucinations], at which time, he may need additional reminders from supervisors so that he could remain focused and on task. *Id*. Dr. Roer also found Plaintiff has a mild impairment in his ability to maintain effective social interaction on a consistent and independent basis with other including supervisors, co-workers, and the public. *Id*. To support this finding, Dr. Roer's report states "[Plaintiff] could struggle to interact appropriately with his fellow staff members during period sin (*sic*) which his psychiatric symptoms accelerate, as in these times, he may become additionally paranoid." *Id*.

Last, Dr. Roer found Plaintiff has a moderate impairment in his ability to adapt to the usual stresses and pressures common to a competitive work environment including completing a normal workday or workweek and responding and adapting appropriately to changes in a work setting. *Id*. To support his findings, Dr. Roer wrote "[t]he stresses often found in the typical work setting could exacerbate his psychological condition, during which time, he could struggle to maintain his regular work schedule and to complete his assignments correctly and on time." *Id*.

The ALJ found Dr. Roer's opinion was not supported because Plaintiff has "repeatedly denied paranoia." AT 28 (citing AT 353, 362, 410, 419, 431, 442, 474, 480, 485, 506).

The ALJ determined at step four that Plaintiff is capable of performing past relevant work as a fast food worker. AT 28. To qualify as past relevant work, the prior job must meet the recency, earnings, and duration requirements. *Id*.

> To meet the recency prong of this test, the claimant's work must have been performed within 15 years before the date of adjudication. To meet the earnings prong of this test, the claimant must have earned substantial gainful activity while performing the job. To meet the duration prong of the test, the job must have lasted long enough for the claimant to learn to do it.

*Id*. The vocational expert found the claimant has past work as a fast food worker, DOT#311.462-010 (light exertion, SVP 2), bagger, DOT#920.687-014 (medium exertion,

SVP 2), and stock clerk, DOT#299.367-014 (heavy exertion, SVP 4).[4] A job with SVP 2 requires anything beyond short demonstration up to and including one month to satisfy the duration prong of the test. *Id*. A job with SVP 4 requires over three months and up to and including six months to satisfy its duration requirement. *Id*.

The ALJ cited Plaintiff's work history report, which found Plaintiff began working at Taco Bell and continued to work there. *Id*. (citing AT 246). Further, the ALJ found Plaintiff's earnings in the third quarter of 2023 of $4,641 rose to the level of substantial gainful activity. *Id*. (citing AT 197-198). The ALJ also found Plaintiff's employment met the recency prong of the test because the work was performed within 15 years of the date of adjudication. AT 29.

The ALJ also referenced Plaintiff's past employment as a warehouse employee from 2019 to 2020. *Id*. The ALJ found Plaintiff's earnings in 2020 qualified as substantial gainful activity. *Id*. The ALJ also concluded the duration prong of the test was met as he had worked in this position for over a year. *Id*. Last, the ALJ concluded the recency element was satisfied as the work was performed within 14 years of the date of this adjudication. *Id*.

Accordingly, the ALJ determined Plaintiff was capable of performing past work as a fast food worker and was not disabled during the relevant period. AT 29-30.

On April 17, 2025, the appeals council denied Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 11, 15.)

/ / /

---

[4] "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

"Medium" in the ALJ's step-five determination references medium work, as defined by 20 C.F.R. §§ 404.1567 (c) and 416.967(c).

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

III.    **ISSUES PRESENTED FOR REVIEW**

Plaintiff contends the ALJ erred by: (A) failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony regarding his alleged mental illness; and (B) failing to properly evaluate the supportability and consistency of Dr. Roer's medical opinion. Pl. Mot. (ECF No. 11.) Thus, Plaintiff argues the ALJ made reversable error in his decision and the decision should be remanded. *Id*.

The Commissioner argues the ALJ: (A) properly resolved the more severe aspects of Plaintiff's testimony; and (B) properly evaluated Dr. Roer's medical opinion. Def. Mot. (ECF No. 15.) Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. *Id.*

IV.    **DISCUSSION**

A.    **Subjective Symptom Testimony**

1.    Legal Standards

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately

explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id.* at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id.* at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

### 2.    Analysis

Plaintiff contends the ALJ erred by (1) cherry-picking isolated statements Plaintiff made to his treatment providers while ignoring the weight of medical evidence demonstrating Plaintiff's disability; (2) erroneously relying on the notion that Plaintiff used certain activities, such as listening to music, playing basketball, or watching football, as coping mechanisms without indicating whether Plaintiff engaged in the activities during the adjudicated period or to what degree they helped Plaintiff cope with symptoms; (3) erroneously relying on a notation that Plaintiff's auditory hallucinations were "tolerable," when there is evidence in the record to contradict that Plaintiff tolerated his auditory hallucinations and that the ALJ should have interpreted this statement in the context of the overall record; and (4) giving a conclusory statement that "objective findings," did not support Plaintiff's inability to perform full time work. Pl. Mot. at 9-12.

Defendant counters that the ALJ (1) properly considered Plaintiff's work history as

an employee at Taco Bell; (2) properly incorporated by reference step three findings into his analysis that concluded Plaintiff had no more than moderate limitations in Paragraph B criteria; and (3) properly considered other evidence that found the record did not support work-preclusive limitations according to Plaintiff's testimony. Def. Mot. at 4-8.

The ALJ began his analysis by referencing Plaintiff's hearing testimony and disability report. AT 24. Plaintiff's disability report alleged his mental condition impacted his ability to work because they cause auditory hallucinations and render him unable to concentrate on things. *Id*. Plaintiff testified that his work at Taco Bell changed from full time to part-time in January 2024 and he worked 12 hours a week. *Id*. Plaintiff testified that his manager told him his hours were reduced due to slow business. *Id*. Plaintiff testified that none of his managers or coworkers indicated that he had problems at work. *Id*. However, Plaintiff testified that he missed two to three days of work per month due to his hallucinations. *Id*. Plaintiff testified that he has a "good voice" and a "bad voice." *Id*. Plaintiff testified that his "bad voice" would tell him to hurt or kill people and that both voices cause difficulty concentrating. *Id*. While Plaintiff testified that he no longer misses work on account of him only working four hours a day, he claimed difficulty maintaining employment and could not return to full-time work. *Id*.

The ALJ found that while Plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms, "Plaintiff's symptoms concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the record..." *Id*. at 25.

First the ALJ referenced the analysis at Step Four finding the record does not support greater than moderate limitation in any "Paragraph B" domain. *Id*. at 26. The ALJ references a state agency medical consultant's report finding Plaintiff has no medically-determinable psychiatric impairment. *Id*. (citing AT 54-60). The ALJ then cites to an interview dated April 21, 2023, where Plaintiff denied "visual hallucinations, depression, anxiety, paranoia, sustained periods of elevated mood, irritability, impulsivity, decreased need for sleep, increased energy, or increased goal-directed behaviors." *Id*. (citing AT

485). The ALJ also refers to a March 10, 2023, core assessment with the Sacramento Department of Behavioral Health where Plaintiff identified listening to music, playing basketball, and watching football as coping mechanisms, and referred to himself as resilient. *Id.* (citing AT 539). In the same assessment, Plaintiff denied "ever acting or contemplating acting on his alleged auditory hallucinations." *Id*. (citing AT 540). Finally, the ALJ cited a January 16, 2024 assessment where Plaintiff stated his auditory hallucinations were "tolerable." *Id*. (citing AT 394). The ALJ found that Plaintiff's self-report that he tolerated his auditory hallucinations meant that they were not disabling. *Id*. Finally, the ALJ references Plaintiff's testimony and states "I have also considered [Plaintiff's] testimony and its relation to the medical evidence. Because his allegations are not fully supported by the evidence of record, I consider [Plaintiff's testimony with caution." AT 28.

In summary, while the ALJ highlighted specific inconsistencies within the record to determine Plaintiff's RFC, the ALJ failed to connect these inconsistencies to Plaintiff's testimony. AT 22, 26-28; *see Treichler,* 775 F.3d, at 1102. Additionally, while the ALJ refers to Plaintiff's employment and Paragraph B evaluation, he fails to connect the evidence to discrediting Plaintiff's testimony. *See Revels v. Berryhill*, 874 F. 3d 648, 654 (9th Cir. 2017). Therefore, the Court concludes the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's testimony. An ALJ failing to specify their reasons for finding claimant testimony not credible is typically not harmless error. *See Treichler*, 775 F. 3d at 492. Therefore, the Court grants remand for further administrative proceeding and grants Plaintiff summary judgment on this issue.

**B.     Medical Opinion Evidence**

1.     Legal Standards

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v.*

*Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

    2.    Analysis

Plaintiff argues the ALJ erred by (1) failing to provide a well-supported explanation of how he considered supportability in concluding Dr. Roer's opinion was not persuasive; and (2) failing to satisfy the consistency element by ignoring significant medical evidence that Plaintiff's auditory hallucinations affected Plaintiff and were not responsive to

medication, as well as other medical evidence related to Plaintiff's hospitalization and subsequent reported symptoms. Pl. Mot. at 11-13. In contrast, Defendant argues the ALJ reasonably evaluated Dr. Roer's assessment of Plaintiff's mental functioning by addressing the factors of supportability and consistency in his analysis. Def. Mot. at 10.

The Court's summary of Dr. Roer's opinion is provided above. The ALJ found Dr. Roer's opinion unpersuasive because "it [was] not consistent with the record or supported by the evidence." AT 27. The ALJ's supportability analysis concerned Dr. Roer's explanation of the mild impairment finding of Plaintiff's ability to sustain concentration, attention, consistency, and persistence in work-related activity at a reasonable pace. AT 27. The ALJ found this opinion was not supported because Plaintiff has "repeatedly denied paranoia." AT 28 (citing AT 353, 362, 410, 419, 431, 442, 474, 480, 485, 506).

The ALJ found Dr. Roer's opinion was not consistent with the record because Plaintiff was employed by Taco Bell during his application for SSI benefits. AT 28. Nor did the ALJ find it consistent with an April 2023 report, where Plaintiff admitted his auditory hallucinations "remained the same," and were bothersome, but denied having visual hallucinations, depression, anxiety, paranoia, sustained periods of elevated mood, irritability, impulsivity, decreased need for sleep, increased energy, or increased goal-directed behaviors. Id. (citing AT 485). The ALJ also found Dr. Roer's opinion to be inconsistent with a March 2023 report where Plaintiff described his coping skills as listening to music, playing basketball, and watching football. Id. (citing AT 539). Plaintiff also described himself as resilient. Id. Finally, the ALJ cited to statements Plaintiff made denying acting on or contemplating acting on his alleged auditory hallucinations and that his auditory hallucinations were "tolerable," as part of his consistency argument. Id. (citing AT 540, 394).

Plaintiff argues the ALJ's discounting of Dr. Roer's opinion based on lack of supportability was insufficient because the ALJ "did not explain the relevance of such denied paranoia in evaluating the supportability of Dr. Roer's opinion," and "failed to

draw a logical bridge between the denial of paranoia as a symptom, and Dr. Roer's assessment that Plaintiff's mental limitations increased during periods of accelerated psychiatric symptoms, or Dr. Roer's assessment that stress and changes could exacerbate Plaintiff's psychiatric condition." Pl. Mot. at 12. The Court agrees. While Court finds the ALJ has provided a coherent explanation of his reasoning as to why the opinion is not consistent with the record by citing Plaintiff's employment, coping mechanisms, and statement regarding his auditory hallucinations, the ALJ has failed to provide a coherent explanation of his reasoning for supportability by only referencing Dr. Roer's finding of paranoia to discount the basis of his opinion. *Sam-Chankhiao,* 2022 WL 4226170, at *3. Therefore, Court finds the ALJ has erred, and his evaluation of Dr. Roer's opinion is not supported by substantial evidence.

Plaintiff argues remand is necessary for further reevaluation of Dr. Roer's opinion. Pl. Mot. at 13. Alternatively, Defendant argues that remand is not necessary because Plaintiff does not explain what additional limitations were warranted by Dr. Roer's opinion that were not addressed in the RFC. Def Mot. at 11. Defendant also argues that the RFC already incorporated Dr. Roer's opinion of mild and moderate limitations. *Id*. at 11-12. To support these arguments, Defendant cites *de los Santos v. Kijakazi*, 2022 WL 1541464 (E.D. Cal. May 16, 2022). *Id*. In *de los Santos*, the court ruled that a challenge to the ALJ's failure to adopt an expert's identified limitations into the RFC to not be harmful error where the plaintiff and the medical expert failed to provide guidance on how to translate a limitation categorized as "moderate" into an RFC. *de los Santos*, 2022 WL 1541464, at 6. Further, Defendant has cited authority that an RFC for simple, routine tasks, occasional workplace changes, and limited interpersonal conduct accommodated an opinion assessing moderate limitations. *Id*. (citing *Giacomazzi v. Commissioner of Social Security*, 2024 WL 3378658, at *9-13 (E.D. Cal. July 14, 2023)). However, in *de los Santos* and *Giacomazzi*, the opinion of the medical experts were either found to be "fairly consistent with the record," or somewhat persuasive. *de los Santos* 2022 WL 1541464, at *4; *Giacomazzi*, 2024 WL 3378658, at *13. In contrast, the ALJ discounted

14

Dr. Roer's opinion completely. AT 27-28. Given that it is not clear the ALJ incorporated Dr. Roer's opinion at all into the RFC, the Court does not find Defendant's argument persuasive. Therefore, the Court concludes remand is necessary to reevaluate Dr. Roer's opinion and grants Plaintiff summary judgment on this issue.

**V.    CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze whether there are clear and convincing reasons for discrediting Plaintiff's testimony and whether Dr. Roer's opinion meets supportability as described in 20 C.F.R. § 416.920c(c)(1). The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities

or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 11) is GRANTED;

2. The Commissioner's cross-motion (ECF No. 15) is DENIED;

3. The Clerk of the Court enter judgment for Plaintiff; and

4. The matter be remanded for further administrative proceedings consistent with this order.

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, paiv.1604.25